**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MICHAEL J. OTTO, Individually, and on Behalf of Other Members of the General Public Similarly Situated, | No.    16-55394 |
| | D.C. No. 5:12-cv-01411-SVW-DTB |
| Plaintiff-Appellant, | |
| v. | |
| | MEMORANDUM[*] |
| ABBOTT LABORATORIES INC., DBA Abbott Nutrition, a Delaware corporation, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted November 14, 2017
Pasadena, California

Before: KOZINSKI, HAWKINS, and PARKER,[**] Circuit Judges.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The Honorable Barrington D. Parker Jr., Senior Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

Michael J. Otto ("Otto") appeals the Rule 12(b)(6) dismissal of his literal-falsity claim under California law.[1] He also attempts to appeal the class-certification rulings regarding his deception-by-omission claim.

We have jurisdiction to hear the Rule 12(b)(6) literal-falsity dismissal, but not the class-certification rulings regarding Otto's voluntary dismissal of his deception-by-omission claim. *See Microsoft Corp. v. Baker*, 137 S. Ct. 1702, 1707 (2017).

The determination that Otto failed to state a claim for literal falsity was proper. Viewed collectively and in full context, the sources cited by Otto reveal that Abbott's products *do* help rebuild strength naturally lost over time, at least for those with normal vitamin-D levels. Otto has therefore failed to plausibly allege that Abbott's representations were literally false. *See, e.g.*, *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) ("[W]e are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint and [w]e do not . . . necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations.") (citations and quotation marks omitted); *In re GNC Corp.*, 789 F.3d 505, 516 (4th Cir. 2015) (a

---

[1] California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*, California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.*, and California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 *et seq.*

representation is not literally false under the UCL and the CLRA if "the scientific evidence is equivocal").

**DISMISSED IN PART AND AFFIRMED IN PART.**